615 So.2d 418 (1993)
Hannelore Schild, Wife of/and Gaspar J. BUFFA
v.
LAWRENCE'S BAKERY, INC., et al.
No. 92-CA-0587.
Court of Appeal of Louisiana, Fourth Circuit.
February 26, 1993.
*419 Ronald L. Wilson, New Orleans, for plaintiffs-appellants.
Terrel J. Broussard, Borrello, Huber and Dubuclet, Metairie, for defendants-appellees.
Before SCHOTT, C.J., and BARRY and PLOTKIN, JJ.
SCHOTT, Chief Judge.
Plaintiffs have appealed from a summary judgment dismissing their suit for damages to their house and utility building allegedly resulting from vibrations produced by defendant's garbage trucks. The issue is whether the single affidavit filed by plaintiffs of an expert witness was sufficient to raise issues of material fact and preclude summary judgment as a matter of law.
Plaintiffs' property is adjacent to Lawrence's Bakery in New Orleans. On the bakery's property is a trash dumpster serviced by defendant A-1 Disposal Service. Access to the dumpster is along a service alley between the properties. Plaintiffs alleged that defendant removed trash from the dumpster four times a week with a large garbage truck that was backed along the alley to the dumpster. They further alleged that their buildings were being damaged because of vibrations produced by the operation of these garbage trucks along the service alley.
Plaintiffs asked for an injunction as well as damages. At the trial of the motion for preliminary injunction, defendant called as a witness a structural engineer who testified that he saw no cracks or damage to plaintiffs' buildings which was caused by vibrations from an outside source like a disposal truck; that he witnessed tests performed by another expert and based upon these tests and not on his visual inspection he concluded that vibrations from disposal trucks had no effect on plaintiffs' house whatsoever; and that all the damage to their buildings was due to settlement of the soil.
In opposition plaintiffs filed the affidavit of David A.M. Moynan, Jr. who stated that he is a licensed professional engineer with an office in Metairie; at plaintiffs' request he performed a visual inspection of their house and utility building; the house is twenty-five feet from the service alley and the utility building two feet from the alley which is a poorly maintained shell drive with numerous potholes and used extensively by heavy garbage trucks to service a dumpster at the end of the alley seventy-five feet past plaintiffs' property; during his inspection he found numerous cracks throughout the utility building and the main house which he itemized. His affidavit concluded:
6. From his observations of said residence, he concluded that the damage noted was caused by vibrations and impact loading due to heavy vehicles pounding in the numerous potholes and uneven surfaces of the service alley.
7. While a real subsidence in the general area cannot be totally ignored as a cause of some minor damage, it is concluded that the damage was aggravated and/or accelerated by the vibrations caused from heavy trucks using the poorly maintained service alley.
Summary judgment is precluded if an affidavit raises genuine issues of material fact. C.C.P. art. 967. Defendant argues that Moynan's affidavit is insufficient because it is not based on his personal knowledge and it cites as authority McCoy v. Physicians & Surgeons Hosp., 452 So.2d 308 (La.App. 2nd Cir. 1984), writ den. 457 So.2d 1194 (LA 1985) and Brock v. Newman, 543 So.2d 84 (La.App. 1st Cir.1989), *420 writ den. 548 So.2d 1251. In McCoy the court held that affidavits providing expert medical opinion not based upon personal knowledge of the case, but upon history furnished by the plaintiff and others were insufficient to support a motion for summary judgment. In Brock the court held that affidavits of physicians who expressed opinions based upon reports that the defendant physician's conduct was not below the standard of care were not sufficient to support the defendant's summary judgment.
In Obiago v. Merrell-National Laboratory, 560 So.2d 625 (La.App. 4th Cir.1990), writ den. 565 So.2d 445 (La.1990), this court reiterated the position taken in a number of previous cases that expert opinion contained in affidavits by physicians was sufficient to support a summary judgment in a medical malpractice case. The court reasoned that this sort of "opinion" is to some extent a statement of fact based upon the expert's personal knowledge acquired through research and experience.
Moynan's affidavit meets this test. It includes facts derived from his own personal observation and inspection of plaintiffs' property as well as his opinion as a professional engineer of the cause of the damage. Summary judgment was not warranted.
Accordingly, the judgment of the trial court is reversed and set aside and defendant's motion for summary judgment is denied. The case is remanded to the trial court for further proceedings. All costs of this appeal are taxed against defendant with balance of costs to await the outcome of the case.
REVERSED AND REMANDED.
BARRY, J., agrees with the result.
BARRY, Judge, agrees with the result.
The record on appeal does not contain an affidavit, transcript or other documentation. The injunction hearing is not in the appellate record.
A-1 Disposal and its insurer, Liberty Mutual, only submitted a memorandum and Exhibit 1 (the summary judgment in favor of Lawrence's Bakery) to its motion for summary judgment. A-1's memorandum contains three lengthy questions to which Mr. Zehner responded "No, I do not", and two short answers.
The mover for summary judgment has an onerous burden to carry. A-1's brief is basically the memorandum it submitted in support of its motion for summary judgment.
The record does not support the motion for summary judgment.