665 So.2d 664 (1995)
Cynthia Arrington BAILEY, et al., Plaintiffs-Appellants,
v.
UNITED GAS PIPE LINE COMPANY, et al., Defendants-Appellees.
No. 27655-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
Writ Denied February 28, 1996.
*665 Blackwell, Chambliss, Henry, Harrod, Caldwell & Cagle by Sam O. Henry, III, West Monroe, for Appellants.
Young, Richaud, Theard & Myers by George J. Richaud, New Orleans, for Appellees.
Before NORRIS and STEWART, JJ., and SAVOIE, J. Pro Tem.
STEWART, Judge.
Cynthia Arrington Bailey, the wife of the decedent, and her two children filed suit against United Gas Pipeline and one of its employees, for the wrongful death of Ronnie Bailey, a welder employed by United Gas *666 Pipeline. The plaintiffs allege that defendants caused the death of Ronnie Bailey, and thus worker's compensation is not the exclusive remedy for the decedent's death. The defendants filed a motion for summary judgment. The trial court granted the defendants' motion on the intentional tort claim and plaintiffs subsequently lodged this appeal. For the reasons assigned, we reverse and remand.

FACTS
On March 10, 1992, United Gas Pipeline (United) was conducting a pipeline lowering operation in Madison Parish, Louisiana. A high-pressure gas pipeline was being lowered across an open field so that the landowner would not come in contact with the line during normal farming operations. The pipe in question was connected at various joints with old couplings known as Dresser couplings that made a compression fit around the ends of the pipe. Whenever these pipes were discovered, regulations required that the pipes be removed or covered with what is commonly known as a "weldover."
Ronnie Bailey was the welder assigned to the project in Madison Parish. During the process of placing a "weldover" around the Dresser coupling, the pipe separated and the high pressure from the gas line blew part of the heavy metal coupling into the chest and abdomen of Mr. Bailey and caused his instant death.
Cynthia A. Bailey, the decedent's wife, along with her two minor children, filed suit against United and Grant Hollis, area manager for the company at the time of the incident, for the wrongful death of her husband. In their petition, plaintiffs allege that the decedent's death was an intentional act and that recovery for his death falls within the purview of LSA-R.S. 23:1032(B) as an exception to the exclusive nature of the worker's compensation statute. Plaintiffs also seek exemplary or punitive damages under La.Civ.Code art. 2315.3, which provides that exemplary damages will be awarded, in addition to special and general damages, if it is proven that the plaintiff's injuries were caused by wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances.
United filed a motion for summary judgment seeking dismissal of the plaintiffs' claims. As support for their motion, the defendants filed the affidavits of Grant Hollis and Roy Junkin, Operations Technician I for United. Both affidavits essentially state that the company did not violate any OSHA regulations or any company safety policies in the lowering of the pipeline on March 10, 1992. Additionally, affiants state that they did not intend to cause the decedent any harm and that they never would have intentionally placed themselves or the deceased in danger had they known that the operation was substantially certain to cause injury.
In response to the motion for summary judgment, the plaintiffs filed an opposition supported by three affidavits. Two of the affidavits offered were from Robert Dean, an engineer and a regulatory consultant with years of experience in the pipeline industry, and Russell D. Moore, a supervisor with a large pipeline company. The third affidavit offered was from Mrs. Bailey, who stated that she was told by an unnamed United employee that either Ted Harris or Grant Hollis had commented that someone was going to get hurt on the pipeline lowering project because of the way in which it was being handled.
Both Dean and Moore reviewed voluminous amounts of information regarding the incident, including investigative reports, drawings, photographs, reports made by United, the reports from the Office of Pipe Line Safety, the safety procedures of United, and the answers to interrogatories filed by United, which specifically state facts regarding how the incident occurred. Each concluded that United failed to take the proper precautions in repairing the Dresser couplings. The affiants stated that this course of conduct, combined with the weather conditions, made it substantially certain that the pipeline would fail, resulting in damages and injuries.
The trial court granted the defendants' motion for summary judgment on the claim and denied summary judgment on the issue *667 of exemplary damages under art. 2315.3 finding that there was a genuine issue of material fact as to whether the defendants acted with wanton and reckless disregard for public safety. In its written reasons for judgment, the trial court concluded that the affidavits of Robert Dean and Russell Moore were inadmissible pursuant to La.Code Civ.P. Art. 967, which requires that the affidavits supporting or opposing a motion for summary judgment be based on personal knowledge. Additionally, the trial court found the affidavit of Mrs. Bailey to be insufficient under article 967 because it was based on hearsay. The plaintiffs subsequently filed this appeal.

DISCUSSION
The plaintiffs assign as error the trial court's decision to grant summary judgment, when the disposition of this case turns on a determination of the intent and knowledge of the defendant.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983); Thornhill v. Black, Sivalls, & Bryson, Inc., 394 So.2d 1189 (La.1981); Urban Management Corp. v. Ellis L. Burns, Jr., et al., 427 So.2d 1310 (La.App. 2d Cir. 1983); La.Code Civ.P. art. 966. The movant for the summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such issue of material fact is to be resolved against granting the motion. White v. Baker Manor Nursing Home, Inc., 400 So.2d 1168 (La.App. 1st Cir.1981). To satisfy his burden, the party moving for summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La. 1981). The papers supporting the position of the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Id. A motion for summary judgment is not appropriate for disposition of cases requiring a judicial determination of subjective facts, e.g., motive, intent, good faith, knowledge. See Jefferson Parish School Bd. v. Rowley Co., Inc., 305 So.2d 658 (La.App. 4th Cir.1974); Butler v. Travelers Ins. Co., 233 So.2d 271 (La.App. 1st Cir. 1970).
Applying these well established principles of law pertaining to summary judgments to the facts of this case, we conclude that the trial court was clearly wrong in granting the defendants' motion for summary judgment. To prevail on a motion for summary judgment, it must be shown that there is no genuine issue of material fact as to whether the defendant-company intended to cause the death of Ronnie Bailey. "Intent," as defined under LSA-R.S. 23:1032, means that the defendant either desired to bring about the physical results of his act or believed that they were substantially certain to follow from what it did. The Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981), stated:
Intent is not, however, limited to consequences which are desired. If the actor knows that consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as he had in fact desired to produce the result. (Citations omitted.)
Id. at 482.
The ultimate issue becomes whether or not there existed a genuine material issue of fact regarding the company's knowledge that this accident was substantially certain to occur. The record is replete with evidence sufficient to raise a genuine issue of fact regarding what the defendant actually knew in this case.
First, the affidavits of Robert Dean, an engineer, and Russell Moore, a pipeline foreman, both with numerous years of experience in the pipeline industry, state that the company violated safety procedures by excavating too much pipeline around the couplings, not using chains and binders around the couplings, *668 conducting the operation under rainy and wet weather conditions, and not reducing the pressure in the pipeline during the operation. The defendants, in support of their motion for summary judgment, simply stated in affidavits from two of United's employees, that there were no violations of any known safety procedures and that they did not intend the death to occur nor did they know that it was substantially certain to occur.
The defendants argue that the affidavits of Moore and Dean should not be considered because they are not based on personal knowledge as required by article 967. Defendants contend that the information acquired by Moore and Dean was from thirdparty sources rather than through their own personal observations.
In Obiago v. Merrell-Nat'l Laboratory, 560 So.2d 625 (La.App. 4th Cir.1990), the court held that expert opinions contained in affidavits by physicians was sufficient to support a summary judgment in a medical malpractice case. The court reasoned that this sort of "opinion" is to some extent a statement of fact because it is based on the expert's personal knowledge acquired through research and experience. The reasoning in Obiago has been extended beyond the medical malpractice context in Buffa v. Lawrence's Bakery, Inc., 615 So.2d 418 (La.App. 4th Cir.1993). There the court found that the affidavit of an engineer was admissible on summary judgment because it was based on his own personal observation and inspection of plaintiff's property, as well as his expertise. Id. at 420.
We find that the affidavits of Moore and Dean meet this test. Both extensively reviewed numerous documents regarding the incident to reach a factual conclusion. Based on their findings and their own expert knowledge of the pipeline industry, the plaintiffs' experts concluded that the company knew that such a tragedy was substantially certain to occur.
Additionally, this court notes a letter from the Office of Pipeline Safety acknowledging the occurrence of the accident and informing United that it must be sanctioned because of its violation of the pipeline safety procedures listed in 49 C.F.R. §§ 192.605(c) and 192.703(b) regarding the repair of Dresser couplings. Also of particular interest to this court is the fact that United had established certain policies regarding the repair of Dresser couplings, but failed to implement those policies prior to the accident.
Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). Thus, summary judgment was not warranted in the instant case.

DECREE
Accordingly, the judgment of the trial court is reversed and set aside and defendants' motion for summary judgment is denied. The case is remanded to the trial court for further proceedings. All costs of this appeal are taxed against defendants with the balance of costs to await the outcome of the case.
REVERSED AND REMANDED.