691 So.2d 815 (1997)
John C. BOCKMAN, Jr., et al., Plaintiffs-Appellants,
v.
Rilla Fowler CARAWAY, et al., Defendants-Appellees.
No. 29436-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
Leroy H. Scott, Jr., Shreveport, for Plaintiffs-Appellants.
Lunn, Irion, Johnson, Salley & Carlisle, by Jack E. Carlisle, Jr., Shreveport, for Defendants-Appellees, Colonial Penn Ins. Co. and Rilla Fowler Caraway.
Zelda Tucker, Shreveport, for State.
*816 Before HIGHTOWER, STEWART and PEATROSS, JJ.
HIGHTOWER, Judge.
Plaintiffs appeal a summary judgment dismissing their claims emanating from their mother's death after an automobile accident in which she had been traveling in the wrong direction on an interstate highway. We affirm.

Facts
During a light rain shower on the morning of December 2, 1991, Essie Bockmon began a trip from her home in Bossier City to Linden, Texas. According to her granddaughter's affidavit, Bockmon usually traversed Interstate 220 until reaching North Market Street in Shreveport, where she would drive north. Presumably, she missed that exit on this occasion and proceeded over the Cross Lake bridge, a continuation of the four-lane, divided highway. Plaintiffs suggest that when their mother discovered her error and attempted to rectify her course by turning around, she inadvertently reentered the westbound lanes of the interstate and began traveling in an easterly direction.
Meanwhile, defendant Rilla Fowler Caraway had also begun crossing the I-220 bridge on a westerly route, but on her own correct side of the divided highway. Driving at approximately fifty miles per hour, she had been following a pickup truck when she decided to pass in the left, westbound lane. Upon commencing this maneuver, Caraway immediately collided with the Bockmon vehicle, causing the eventual death of plaintiffs' mother. When asked, in deposition, to estimate how close behind the truck she had been positioned, defendant testified that she was following at "[a] safe distance." She explained, "That's the only way I know to say it." When pressed to be more exact, she guessed the distance to be ten to fifteen feet. She noted, however, that despite the rain, the pickup had not been throwing water on her windshield.
The decedent's two sons instituted this action against Caraway and her insurer, Colonial Penn Insurance Company.[1] Defendants responded with a motion for summary judgment asserting that no material facts existed with regard to how the accident occurred. Indeed, during appellate oral argument, plaintiffs' counsel acknowledged the absence of any factual dispute. Earlier, however, the Bockmons presented the affidavit of a certified instructor in defensive driving techniques, who opined that "a person driving at approximately 50 miles per hour following another vehicle in the same lane at a distance of 10 to 15 feet with good visibility and a wet level straight road is driving in a careless and negligent manner particularly when attempting to pass."
The trial court, after examining the evidence and hearing arguments, ruled in defendants' favor by stating:
This court will find and make the determination that there is no genuine issue of fact as to how the accident occurred. And as a question of law, Ms. Caraway could not be held liable; therefore, the Court will grant the motion for summary judgment.
Plaintiffs' appeal ensued.

Discussion
The legal principles regarding summary judgment are well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; American Bank v. Saxena, 553 So.2d 836 (La.1989); Gleason v. State Farm, 27,297 (La.App.2d Cir. 08/23/95), 660 So.2d 137, writ denied, 95-2358 (La. 12/15/95), 664 So.2d 454; Hartford Accident & Indem. Co. v. Joe Dean Contractors, 584 So.2d 1226 (La.App. 2d Cir.1991). The burden is on the mover to establish that there are no genuine issues of material fact; only when reasonable minds must inevitably concur is summary judgment warranted. *817 Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Hartford, supra. Once the mover has presented documents sufficient to resolve all genuine issues of material fact, however, the burden shifts to the opponent. Fields v. Roark, 25,426 (La.App.2d Cir. 01/19/94), 630 So.2d 1359; Billingsley v. Bach Energy Corp., 588 So.2d 786 (La.App. 2d Cir.1991).
The opponent cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are still at issue. La. C.C.P. art. 967; Billingsley, supra; Tubbs v. Louisiana Power & Light Co., 349 So.2d 994 (La.App.2d Cir.1977), writ denied, 352 So.2d 240 (La.1977). Although the burden of proof still remains the same under the recent amendment to La.C.C.P. art. 966, the summary judgment procedure is now favored to secure the just, speedy, and inexpensive determination of all except certain disallowed actions. Acts 1996, 1st Ex.Sess., No. 9. An appellate court reviews summary judgment de novo under the same criteria that govern the district court's considerations of the appropriateness of summary judgment. Gleason, supra.
Plaintiffs argue that the trial court erroneously ignored the affidavit of their expert defensive driving instructor. Yet affidavits supporting or opposing summary judgment must be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La.C.C.P. art. 967; Barnett v. Staats, 25,357 (La.App.2d Cir. 01/19/94), 631 So.2d 84. The mere opinion of an expert witness, based solely on his special training and experience, is not based on "personal knowledge" as this term is used in Article 967. Barnett, supra. Thus, a decision by the judge a quo to reject the affidavit in question would not have constituted error. Nor, much less, was the trial court bound to adopt or accept the affiant's legal conclusion that Caraway's actions under the existing circumstances demonstrated "driving in a careless and negligent manner."
We accordingly find no error in the district court's determination that, as a matter of law, Caraway could not be held liable for Bockmon's death. When a collision occurs between two vehicles, one in the wrong lane of travel and the other in its legally correct lane, the driver of the automobile in the wrong lane is presumed to be at fault and is required to exculpate himself from any fault, however slight, contributing to the accident. Stapleton v. Great Lakes Chemical Corp., 627 So.2d 1358 (La.1993). That burden has been imposed because it seems only reasonable that a driver owes the duty of remaining in his own lane. Ferrell v. Fireman's Fund Ins. Co., 94-1252 (La. 02/20/95), 650 So.2d 742. Certainly then, if applied with respect to one driving in the wrong lane, the same presumption should obtain with even stronger logic for a motorist proceeding in the wrong direction on a divided interstate highway.
Plaintiffs have failed to exculpate their mother from fault, and, additionally, have admitted her negligence in driving on the wrong side of the divided highway. Conversely, Caraway had no reasonable expectation that a vehicle would be traveling in her direction in the left lane, and thus had no opportunity to avoid the accident.

Conclusion
Appellants have demonstrated neither a genuine issue of fact nor an error of law. That being so, the judgment below is affirmed at their costs.
AFFIRMED.
NOTES
[1] The Bockmons also filed suit against the State of Louisiana, alleging that confusing highway signs caused their mother to choose the wrong lane of traffic when reentering the Cross Lake bridge. This appeal, however, does not involve any of the claims against the state.