702 So.2d 53 (1997)
Cynthia GARDNER, Acting on Behalf of the Minor, Shaquiella GARDNER, Plaintiff-Appellant.
v.
LOUISIANA STATE UNIVERSITY MEDICAL CENTER SHREVEPORT, Defendant-Appellee.
No. 29946-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
*54 Kelly, Townsend & Thomas by Jeffrey M. Thomas, Natchitoches, for Appellant.
Richard Ieyoub, Attorney General, Jerald L. Perlman, Assistant Attorney General, for Appellee.
Before HIGHTOWER, STEWART and CARAWAY, JJ.
HIGHTOWER, Judge.
Plaintiff appeals the dismissal of her medical malpractice suit against defendant. Finding the summary judgment to have been properly granted, we affirm.

Facts and Procedural History
After a pediatric gastroenterologist performed an extensive work-up and evaluation of a cystic mediastinal mass that appeared to encircle Shaquiella Gardner's lower esophagus, the five-year-old patient reported to Louisiana State University Medical Center in Shreveport ("LSUMC") for surgery. Excision of the friable matter occurred without apparent complications, and the initial twelve-day recovery transpired unremarkably. The hospital discharged Shaquiella on December 20, 1990 with instructions to appear on January 4, 1991 for an examination.
On December 31, 1990, however, the patient's mother returned, explaining that her daughter had begun complaining of shortness of breath and malaise. X-rays revealed an accumulation of chyle in the right chest. After the insertion of a tube into the pleural space achieved drainage from the area, the physicians imposed dietary controls. Although the girl improved at first, collecting fluid later began to form cyst-like masses necessitating a second surgery. Recovery, again, progressed well and the hospital released the patient on February 6, 1991, when no new accumulation of fluid appeared. Shaquiella has reportedly suffered no further problems from her illness or surgeries.
Contending that the complications from the first surgery could not have occurred in the absence of improper professional conduct by the hospital and its surgical staff, the child's mother acted in her capacity as natural tutrix to file the malpractice action against LSUMC. Defendant answered with a general denial, noting that the Medical Review Panel had determined that the hospital's conduct did not fall below the appropriate standard of care. After permitting the case to remain dormant for three years, plaintiff finally requested that a status conference be scheduled. LSUMC countered *55 with a Motion for Summary Judgment, submitting in support the treating physician's narrative of the original operation, the resulting difficulties, and subsequent treatment. Additionally, defendant provided opinions from both the Medical Review Panel and the treating surgeon that the accorded medical attention fell well within the applicable standard of care.
Gardner made no response whatsoever to the motion, nor did she appear at the hearing on the matter. Finding no material issue of fact, the trial court granted summary judgment in favor of LSUMC. Plaintiff's appeal ensued.

Discussion
A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Regarding the burden of proof anent a summary judgment motion, the legislature recently amended La. C.C.P. art. 966 for the purpose of clarifying Acts 1996, 1st Ex.Sess., No. 9, and statutorily overruling all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3d Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.03/14/97), 690 So.2d 41. See Acts 1997, No. 483.[1]
As indicated by the Hayes decision (as well as the denoted recent amendments), the jurisprudential inclination against granting summary judgment has been eliminated. In effect, the enacted changes have "leveled the playing field" for the litigants, Hayes, supra, so that documentation submitted by the two parties will now be scrutinized equally and the earlier overriding presumption in favor of trial on the merits has been removed. The indicated procedural amendments serve to bring Louisiana's standard for summary judgment closely in alignment with Federal Rule of Civil Procedure 56. Id. In fact, summary judgment is today favored to secure the just, speedy, and inexpensive determinations of all except certain disallowed actions. La. C.C.P. art. 966 A(2).
Incorporating the federal approach, La. C.C.P. art. 966 now states that if the movant points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. And, as consistently noted in La. C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence establishing that material facts are still at issue. Bockman v. Caraway, 29,436 (La. App.2d Cir. 04/02/97), 691 So.2d 815.
As an appellate court, we review summary judgments de novo under the same criteria governing the district court's consideration of whether summary judgment is appropriate. Bockman, supra; Gleason v. State Farm, 27,297 (La.App.2d Cir. 08/23/95), 660 So.2d 137, writ denied, 95-2358 (La.12/15/95), 664 So.2d 454.
In the case sub judice, defendant submitted the affidavit of the treating surgeon, Dr. Jane Eggerstedt, certifying the physician's attached narrative that outlined the child's initial condition, the original surgery, the following complications, and the second operation. This recitation of events remains unopposed within the record, and the trial court correctly noted there to be no genuine issue of material fact. The remaining query, then, becomes whether any actions and/or inactions, established by these disclosures, constitute malpractice on the part of defendant.
Attempting to resolve this question, Dr. Eggerstedt's affidavit contains the opinion that "[t]he treatment rendered to the patient at LSUMC-S was well within the appropriate standard of care." Likewise, the opinion of the Medical Review Panel, also submitted in support of summary judgment, concludes *56 that Shaquiella "received the proper treatment for her condition and its complications," and "that LSU did not deviate from the standard of care in the treatment" of this patient. Furthermore, the panel members noted that chylothorax (accumulation of chyle in the thoracic cavity) is a "known and indeed quite common complication" after the removal of a mediastinal mass.
Of course, even after the recent legislation, La. C.C.P. art. 967 continues to provide that affidavits supporting or opposing summary judgment shall be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Bockman, supra; Barnett v. Staats, 25,357 (La. App.2d Cir. 01/19/94), 631 So.2d 84. Personal knowledge means something which the witness actually saw or heard as distinguished from something he learned from some other person or source. Rhines v. Carpenter, 465 So.2d 884 (La.App. 2d Cir. 1985).
Appellant argues that the conclusions contained in the submitted affidavits cannot be considered in support of the motion for summary judgment. Indeed, this court has previously held that the mere opinion of an expert witness, predicated solely on his special training and experience, is not based on "personal knowledge" as this term is utilized in La. C.C.P. art. 967. See Bockman, supra; Barnett, supra. Even so, Dr. Eggerstedt's affidavit and its attachments clearly establish not only her expertise in the field of cardiothoracic surgery but also her personal knowledge of the facts of the instant case. As head of the surgical team during each of Shaquiella's operations, Dr. Eggerstedt can certainly state the facts of the young girl's treatments and, ultimately, render an opinion regarding the quality of care her patient received. Under such circumstances, we find no error in considering the affidavit, including the opinion statement. Cf. Bailey v. United Gas Pipe Line, 27,655 (La.App.2d Cir. 12/06/95), 665 So.2d 664, writ denied, 96-0058 (La.02/28/96), 668 So.2d 372 (deeming opinion affidavits of well-experienced engineer and foreman admissible on summary judgment); Obiago v. Merrell-Nat'l Laboratory, 560 So.2d 625 (La.App. 4th Cir.1990), writ denied, 565 So.2d 445 (La.1990) (accepting opinions from attending physicians in support of summary judgment).
Moreover, in light of the legislature's recent efforts to reshape our summary judgment standard, we are impressed with the federal jurisprudence that has consistently allowed consideration of opinion affidavits from physicians. See, e.g., Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014 (5th Cir.1993), cert. denied, 508 U.S. 956, 113 S.Ct. 2456, 124 L.Ed.2d 671 (1993); Jones v. Wike, 654 F.2d 1129 (5th Cir.1981).
As for the declaration by the Medical Review Panel that LSUMC did not deviate from the standard of care in its treatment of Shaquiella, the members of that body could well assert, as physicians consistently working in their fields of expertise, that chylothorax is a quite common complication after the removal of a mediastinal mass. Such a statement certainly comes within the "personal knowledge" of the panelists. See discussion in Obiago, supra. That assertion of fact, combined with the affidavit of Dr. Eggerstedt, abundantly supports the motion for summary judgment. Hence, we need not address whether the Medical Review Panel's opinion alone would adequately sustain such a judgment.

Conclusion
For the foregoing reasons, we find summary judgment proper under these circumstances. Accordingly, the judgment below is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Being procedural in nature, the 1997 amendments to La. C.C.P. art. 966 are subject to retroactive application. See NAB Natural Resources v. Willamette Industries, 28,555 (La.App.2d Cir. 08/21/96), 679 So.2d 477.