722 So.2d 390 (1998)
Judith M. TALLEY and John Wayne Talley, Plaintiff-Appellants,
v.
The STATE of Louisiana, et al., Defendant-Appellee.
No. 31,367-CA.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
*391 Wallace and Long, LLC by William R. Long, Shreveport, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Heather Horton, Assistant Attorney General, Counsel for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
CARAWAY, Judge.
Judith Talley appeals the dismissal of her claim against the State of Louisiana, through the Department of Health and Human Resources, and Northwest Louisiana Developmental Center for damages due to injuries she sustained while in the course and scope of her employment with the Department of Education. The trial court granted defendants' motion for summary judgment upon finding that the plaintiff was in actuality suing her employer, the State of Louisiana, and that her exclusive remedy is worker's compensation. We now affirm the trial court's judgment.

Facts
While employed as a paraprofessional with the Louisiana Department of Education, Talley was pushed and injured on April 30, 1991 by a resident of the Northwest Louisiana Developmental Center (hereinafter referred to as "Northwest"), a state residential facility for persons with mental retardation and developmental disabilities. At the time of the incident, Talley was in the course and scope of her employment teaching a handicapped child in learning to eat a meal unassisted. She was assigned to work in a special school district serving residents of Northwest.
Talley filed suit with her husband for damages on April 28, 1992 naming as defendants, the State of Louisiana through the Department of Health and Human Resources (now the Department of Health and Hospitals and hereinafter referred to as "DHH"), Northwest, the minor resident who allegedly pushed plaintiff, and the curator of the minor resident. Plaintiff alleged negligence on the part of the State through DHH and Northwest in its failure to adequately supervise the minor resident who was known to have violent propensities.
The State on behalf of DHH and Northwest filed a motion for summary judgment on the basis that Talley, as an employee of the State through the Department of Education, is entitled only to worker's compensation as her exclusive remedy under La. R.S. 23:1032 and La. R.S. 23:1034. The pleadings and portions of the depositions of Talley and William A. Mullinix, the administrator of Northwest, were offered in support of the motion for summary judgment. The trial court granted summary judgment in favor of the State upon determining that Talley was a state employee injured in the course and scope of her employment and that her exclusive remedy is worker's compensation.

*392 Discussion

Appellate courts review summary judgments de novo under the same criteria which governs the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991); Orea v. Brannan, 30,628 (La.App.2d Cir.6/24/98), 715 So.2d 108; Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.9/24/97), 699 So.2d 1149. The appellate court must question whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Orea v. Brannan, supra; Bockman v. Caraway, 29,436 (La.App.2d Cir.4/2/97), 691 So.2d 815.
With the 1996 amendments to La. C.C.P. art. 966, the summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of all actions, except those disallowed by La. C.C.P. art. 969. See Acts 1996, 1st Ex.Sess., No. 9, § 1. Orea v. Brannan, supra. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The law relieves a movant from having to negate all essential elements of the non-movant's claim on which the non-movant will bear the burden of proof at trial. Instead, the movant need only point out to the court an absence of factual support for one or more of the non-movant's essential elements. La. C.C.P. art. 966(C)(2); Chase v. Louisiana Riverboat Gaming, Partnership, 30,368 (La.App.2d Cir.2/25/98), 709 So.2d 904. Thereafter, the failure of the non-movant to produce factual support sufficient to show that he will be able to meet his burden of proof at trial results in a finding that there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2); Chase, supra.
No distinction exists between public employees and private employees regarding the exclusivity of the worker's compensation remedy for work-related accidents. Shepard v. Louisiana Power & Light Co., Inc., 369 So.2d 1196 (La.App. 2d Cir.1979), writ denied, 373 So.2d 525 (La.1979). The exclusiveness of the worker's compensation remedy is provided for in La. R.S. 23:1032 as follows:
A.(1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages,...
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
Specifically with regard to public employees, La. R.S. 23:1034(A) provides, in part:
A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory;....
Talley argues that her employment relationship with the Department of Education was unrelated to the negligence of DHH, and she cites Wright v. State, 93-3095 (La.7/5/94), 639 So.2d 258 and Roberts v. Sewerage and Water Board of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, in support of her position that the exclusive remedy of the worker's compensation act (the "Act") does not apply. Although Talley's employer, the Department of Education, is subject to the exclusivity provision of the Act, she asserts that the State through the DHH is liable for damages as a "third person" under La. R.S. 23:1101(A) due to the *393 negligent supervision and control of the Northwest resident who caused her injury.
In Wright v. State, supra, a security guard employed at a state medical center in New Orleans was first injured on his job while restraining a patient. He chose to have surgery for the injury at the medical center, and as a result, he claimed that medical malpractice occurred. The medical center asserted the exclusive remedy of the Act against its employee's claim for malpractice, but the supreme court rejected the application of the Act since the medical malpractice was a non-work-related accident and a separate event from the employee's initial injury. In contrast, this case involves one accident that occurred while Talley was in the course and scope of her employment.
In Roberts v. Sewerage and Water Board, supra, a police officer employed by the City of New Orleans brought a tort action against the Sewerage and Water Board of New Orleans ("SWB") after being injured when his patrol car hit an open sewer manhole. The court reasoned that the police officer was an employee of the City of New Orleans at the time of injury and that SWB, although a political subdivision closely related with the city, could be considered a "third person" under the Act from which tort damages could be claimed. The court applied a legal and functional approach to determine the relationship between SWB and the City of New Orleans and concluded that SWB was an autonomous, self-governing legal entity independent of the city in its revenue sources and in the employment, direction, and control of its workforce.
Significantly, in reaching its decision in Roberts, the supreme court discussed and distinguished a 1979 opinion of the First Circuit Court of Appeal concerning a similar claim involving two departments of state government. The supreme court said:
In Wright v. Moore, 380 So.2d 172 (La. App. 1st Cir.1979), a nurse employed by the state department of health and human resources sued the state through the department of transportation and development after she was injured during the course of her employment allegedly through the transportation department's negligence or garde in connection with a defective semaphore signal. The plaintiff argued that the two state departments are separate and distinct bodies corporate and that as an employee of one she was free to sue the other in tort as a separate entity. The court of appeal rejected this argument and held that:
[T]he State of Louisiana is the real party at interest and is indistinguishable from its executive departments. Under these circumstances it is not a "third person" and cannot, therefore, possess the dual capacity of employer and third person tortfeasor. La. R.S. 23:1034; La. R.S. 23:1101.

Wright at 173. The court of appeal did not engage in a legal and functional analysis of the departments involved, but its conclusion was undoubtedly correct. Although the legislature had granted each state department involved the status of a body corporate with the power to sue and be sued, it had not placed either under an independent board with powers of self government. See La. R.S. 36:251 and 501. The secretary of each department is appointed by and serves at the pleasure of the governor, and performs his or her functions under the control and supervision of the governor. La. R.S. 36:253 and 503. Thus each department does not have the legal capacity to function independently of the governor, but merely functions as an agency or division of the State of Louisiana.
Id. at 350-351.
Applying this legal and functional analysis to the two state departments involved in this case, we find that plaintiff's employment was centered at the state facility for the educational training of the residents of Northwest. This indicates that this accident involving a resident at Northwest should be exclusively remedied under the Act regardless of the involvement of two departments of state government at the facility.
Based upon a legal analysis, the independence between these two state departments does not compare to the independence between the city and the sewerage and water *394 board in Roberts. DHH and the Department of Education are both part of the executive branch of state government and are funded by the legislature. See, La. R.S. Title 36, in particular, Section 251 et seq. and Section 641 et seq. The secretary of DHH is appointed by the governor while the superintendent of education is appointed by the State Board of Elementary and Secondary Education. Although this was not the situation existing in Wright v. Moore where both department heads were appointed by the governor, that difference is not controlling in light of the strong functional relationship that existed between the two departments in this case.
From a functional analysis, both DHH and the Department of Education were jointly involved in meeting the same goal of state government in this instance, the goal of providing for the welfare of the residents of Northwest. In deposition testimony, Talley stated that Northwest was her daily place of employment for the fifteen months that she had worked for the Department of Education. She testified that she worked under a licensed teacher in special education and was assigned to work with the students at Northwest on a daily basis, teaching them living, vocational and communication skills. Mullinix testified that Northwest was a regional service center for DHH whose purpose was providing inpatient services for severely retarded individuals. As part of the responsibility of caring for developmentally disabled persons, Northwest provided programmatic services including educational programs to meet the needs of the facility's residents. Thus, Talley and other Department of Education personnel worked in one employment environment in coordination with DHH personnel in order to fulfill the state goals for Northwest. Talley's claim for injury from the negligence of other state employees is a claim for a work-related accident clearly falling within the exclusive remedy provisions of the Act.

Conclusion
Regardless of the involvement of the two departments of state government at Northwest, Talley's injury occurred in her work setting and any negligence on the part of other state employees does not permit a claim in tort against the State. Plaintiff's exclusive remedy for her injury is for worker's compensation. The decision of the trial court is affirmed at plaintiff's cost.
AFFIRMED.