726 So.2d 1044 (1999)
Helen Caskey LEE, Plaintiff-Appellant,
v.
Dr. Simeon H. WALL, M.D., et al., Defendants-Appellees.
Helen Marie Caskey Lee, et al., Plaintiffs-Appellants,
v.
Simeon H. Wall, M.D., Individually, et al., Defendants-Appellees.
Nos. 31,468-CA, 31,469-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1999.
*1045 Jack H. Kaplan, Shreveport, for Appellant.
John O. Hayter, III, Shreveport, for Appellee.
Before NORRIS, C.J., and BROWN and CARAWAY, JJ.
BROWN, J.
Plaintiffs, Helen Caskey Lee and James Lee, appeal the grant of defendant's, Dr. Simeon Wall, motion for summary judgment. For the following reasons, we affirm.

Factual and Procedural Background
In February 1985, Helen Caskey Lee, who was 5'5" tall and weighed approximately 215 pounds, consulted with Dr. Simeon Wall, a plastic surgeon. Dr. Wall noted that Mrs. Lee had breast hyperplasia (enlargement) with breast, shoulder and back pain. She also experienced numbness in her left arm and hand which Dr. Wall attributed to loss of sensation and blood flow caused by the tightness of her bra straps. It was Dr. Wall's recommendation that Mrs. Lee have breast reduction surgery.
Prior to the operation, Dr. Wall explained the procedure and possible complications to Mrs. Lee and advised her to lose weight and quit smoking. Dr. Wall performed the reduction surgery on April 14, 1985, removing over 2,000 grams of tissue from both of Mrs. Lee's breasts.
Mrs. Lee returned to Dr. Wall post-surgery with complaints that her breasts were not healing properly. Dr. Wall noted that Mrs. Lee was experiencing acute fatty necrosis (tissue breakdown or decay) in each breast, as well as poor wound healing which he attributed to her weight gain and resumption of smoking. Mrs. Lee also developed a small eschar (dry scab) at the trifurcated closing of her right breast. A second surgery to remove scar tissue and resuture the area on Mrs. Lee's right breast was done on May 11, 1985.
On August 27, 1985, Dr. Wall performed a third surgery which involved scar revision of the area on Mrs. Lee's right breast where the eschar had been and implantation of a breast prosthesis for symmetry. According to Mrs. Lee, even after this corrective surgery, she could not wear a bra because her right breast was higher than her left breast.
On follow-up visits with Dr. Wall and his partner, Dr. John Valiulis, the last occurring on October 25, 1985, Mrs. Lee voiced her dissatisfaction with the scars on her breasts and size discrepancy and noted continued problems with infection in her right breast. During and after the course of her treatment with Dr. Wall, Mrs. Lee consulted several *1046 other physicians, including Dr. Harold Brown, a plastic surgeon. Dr. Brown performed a fourth corrective surgery in November 1995.
After receiving an adverse opinion from a medical review panel, on November 2, 1988, plaintiffs filed this medical malpractice action. On February 26, 1998, defendant filed a motion for summary judgment asserting that after ten years of discovery, plaintiffs had no admissible medical evidence to contradict the unanimous finding of the medical review panel that Dr. Wall's treatment of Mrs. Lee did not fall below the applicable standard of care. Defendant attached to its motion the opinion of the medical review panel, an affidavit of panel member John C. Hardin, Jr., M.D., excerpts from plaintiffs' answers to interrogatories, plaintiffs' witness and exhibit list, and the deposition of Dr. Wall.
In opposition to defendant's motion, plaintiffs submitted affidavits of Mrs. Lee and her attorney, medical records of defendant and Dr. Harold Brown, and a letter from Dr. James Dowd (now deceased) to plaintiffs' counsel. The trial court granted summary judgment and dismissed plaintiffs' claims with prejudice. Plaintiffs have appealed.

Discussion
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(B); Gardner v. Louisiana State University Medical Center in Shreveport, 29,946 (La.App.2d Cir.10/29/97), 702 So.2d 53; NAB v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.08/21/96), 679 So.2d 477.
The party moving for summary judgment may simply point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. The party opposing summary judgment cannot rest on the mere allegations or denials of her pleadings, but must show that she has evidence which, if believed, could satisfy her evidentiary burden of proof at trial. If she has no such evidence, then there is no genuine issue of material fact and the movant is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Gardner, supra; Berzas v. Oxy USA, Inc., 29,835 (La.App.2d Cir.09/24/97), 699 So.2d 1149; Bockman v. Caraway, 29,436 (La.App.2d Cir.04/02/97), 691 So.2d 815.
Appellate courts are to conduct a de novo review of the documentation supporting and opposing summary judgment under the same criteria which govern the trial court's determination of whether summary judgment is appropriate. Gardner, supra; Berzas, supra.
La. R.S. 9:2794(A) provides that a plaintiff in a medical malpractice shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, ... under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians ... within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
Expert witnesses who are members of the medical profession are necessary sources in medical malpractice actions to determine whether the defendant possessed the requisite degree of skill or knowledge or failed to exercise reasonable care and diligence. Martin v. East Jefferson General Hospital, 582 So.2d 1272 (La.1991); Marks v. Jones, 29,881 (La.App.2d Cir.12/10/97), 705 So.2d 262; Gibson v. Bossier City General Hospital, 594 So.2d 1332 (La.App. 2d Cir. 1991). This is especially true where, as in the instant case, the defendant physician has filed a motion for summary judgment supported with expert opinion evidence that his treatment met the applicable standard of *1047 care. See Gardner, supra; Guillory v. Dr. X, 96-85 (La.App. 3d Cir.08/28/96), 679 So.2d 1004; Venable v. Dr. X, 95-1634 (La.App. 3d Cir.04/03/96), 671 So.2d 1249; Richoux v. Tulane Medical Center, 617 So.2d 13 (La. App. 4th Cir.1993); Fortenberry v. Berthier, 503 So.2d 596 (La.App. 4th Cir.1987).
In opposing defendant's motion for summary judgment, plaintiffs introduced the affidavits of Mrs. Lee and her attorney, the medical records of defendant and Dr. Harold Brown, and a letter written to plaintiffs' counsel by the now deceased Dr. James Dowd. No other evidence was presented by plaintiffs, who urge that the above, together with the deposition of defendant, is sufficient factual support for their allegations of malpractice. With this contention we must disagree.
Without addressing defendant's argument regarding the authenticity and admissibility of plaintiffs' counsel's affidavit, Dr. Brown's medical records and Dr. Dowd's letter to counsel, we note that they do not establish a standard of care or a breach thereof. In fact, neither Dr. Brown's medical records nor Dr. Dowd's letter contains any criticism of defendant's care of Mrs. Lee. Furthermore, as evidenced by their responses to defendant's interrogatories and witness and exhibit list, after almost ten years of discovery, plaintiffs have identified no expert witness who would give testimony critical of defendant's treatment. In the absence of such expert testimony, plaintiffs have not presented factual support sufficient to establish that genuine issues for trial exist regarding the applicable standard of care and defendant's alleged breach thereof.

Conclusion
For the reasons set forth above, the trial court's judgment is AFFIRMED. Costs of this appeal are assessed to plaintiffs.
NORRIS, C.J., concurs and assigns additional reasons.
NORRIS, Chief Judge, concurring and assigns additional reasons.
The legislature amended Louisiana's summary judgment law, La. C.C.P. art. 966, in 1996 and 1997 to overrule prior jurisprudence which held summary judgments in disfavor. La. Acts 1996, First Ex.Sess., No. 9; La. Acts 1997, No. 483; Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/16/96), 685 So.2d 691, writ denied 97-0281 (La.03/14/97), 690 So.2d 41; see also Stephen A. Pitre, The Pelican State Amends Summary Judgment, 43 Loyola L.Rev. 97, 102-103 (1997). It is important to note that these amendments were intended to bring our procedure more closely in line with the Federal standard of Fed. R.Civ.P. 56. See Mark Tatum and William Norris III, Summary Judgment and Partial Judgment in Louisiana: The State We're In, 59 La. L.Rev. ___ (1998). The procedure is now favored, and must be construed to serve the judicial goals of just, speedy and inexpensive resolution of every action permitted by law. La. C.C.P. art. 966 A(2).
Article 966 C(2) now provides that if the mover will not bear the burden of proof at trial on the matter that is the subject of the summary judgment, then he is not required to negate every essential element of the opponent's claim; rather, he need only "point out" the absence of factual support for one or more elements essential to the opponent's claim. This "pointing out" should be more than a bare assertion, as the mover still bears the burden of proof, which includes the burden of persuasion. See, David W. Robertson, Summary Judgment and Burden of Proof: Effects of the 1996 Amendment, 45 La. B.J. 331, 333 (1997).
I agree with the majority that on the instant record, the mover carried his initial burden, thereby shifting the burden to the plaintiff. As in all malpractice cases, the plaintiff has the ultimate burden of proving the essential elements of her case. La. R.S. 9:2794 A. However, in this case the plaintiff failed to come forward with competent evidence to establish a genuine issue of material fact, viz., the applicable standard of care and a breach thereof. Under these circumstances, the summary judgment was properly granted.