STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-71

THERESA HAMILTON

VERSUS

CITY OF NATCHITOCHES, ET AL.


**********


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 74684, DIV. B
HONORABLE FRED C. SEXTON  JR., DISTRICT JUDGE


**********


ULYSSES GENE THIBODEAUX
CHIEF JUDGE


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

REVERSED AND REMANDED.


Otis Edwin Dunahoe, Jr.
DUNAHOE LAW FIRM
P. O. Box 607
Natchitoches, LA 71458-0607
Telephone:  (318) 352-1999
COUNSEL FOR:
     Plaintiff/Appellant - Theresa Hamilton

Edward M. Campbell
Special Assistant Attorney General
1721 Washington Street
Natchitoches, LA 71457
Telephone:  (318) 560-3027
COUNSEL FOR:
     Defendant/Appellee - State of Louisiana, through DOTD

THIBODEAUX, Chief Judge.

In this workers' compensation case, Theresa Hamilton, a public school teacher, was injured while she accompanied a class on a school-sponsored field trip. The injury occurred on La. Hwy. 6 which is maintained by the State of Louisiana, through the Department of Transportation and Development (DOTD). Ms. Hamilton filed a tort suit against the DOTD. The DOTD filed a motion for summary judgment arguing that workers' compensation is the sole remedy for Ms. Hamilton. The trial court granted the motion for summary judgment. Ms. Hamilton appeals. Because Natchitoches Parish School Board and DOTD are independent entities, La.R.S. 23:1034(E) is inapplicable. We, therefore, reverse and remand to allow Ms. Hamilton to proceed with her action in tort.

I.

**ISSUE**

We will consider whether the trial court erred in granting a summary judgment.

II.

**FACTS**

Theresa Hamilton, an employee of Natchitoches Parish School Board, accompanied her class on a field trip. As she assisted her students across the street, La. Hwy. 6, Mrs. Hamilton stepped off the curb and fell, breaking a bone in her foot. She receives workers' compensation benefits for her broken foot.

Mrs. Hamilton alleges that she fell due to a defective condition in the pavement, and brought suit against the Louisiana Department of Transportation and Development (DOTD). DOTD filed a Motion for Summary Judgment asserting that

1

Ms. Hamilton is precluded from bringing suit against DOTD because of the exclusivity provisions of the workers' compensation laws governing suits by public employees. The DOTD specifically asserts that La.R.S. 23:1032(A)(1), when combined with La. R.S. 23:1034(E), precludes Ms. Hamilton from asserting any claim except that of a workers' compensation claims against her employee, Natchitoches Parish School Board. The trial court granted the motion, and Ms. Hamilton appeals.

## III.

## <u>LAW AND DISCUSSION</u>

A summary judgment shall be rendered if the pleadings, depositions, interrogatory responses, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). This court reviews summary judgments *de novo* applying the same criteria as the trial court to determine whether summary judgment is appropriate. *Schroeder v. Bd. of Sup'rs,* 591 So.2d 342 (La.1991).

After a review of the record, we reverse the trial court's grant of a summary judgment. Louisiana Revised Statutes 23:1032A(1)(a) sets forth the exclusiveness of the workers' compensation remedy and states "[e]xcept for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury . . . shall be exclusive of all other rights, remedies, and claims for damages." As an employee of Natchitoches Parish School Board, Ms. Hamilton is a public employee and La.R.S. 23:1034(E) reasserts the "exclusive, compulsory, and obligatory" remedy of workers' compensation for public employees. However, it is not so with reference to third-party wrongdoers whose fault caused the injury as La.R.S. 23:1101provides:

2

When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter .
. . .

DOTD argues that they are not a "third person." However, they do not fall into any classification that La.R.S. 23:1032 specifically excludes as third persons. Therefore, DOTD is not immune. DOTD also makes much of La.R.S. 23:1034(E), which states:

For the purposes of this Section, the compensation provided in Subsection A of this Section shall be the exclusive remedy when an *employee of the state or a political subdivision* incurs a compensable claim on the premises of another political subdivision *who is required by law or cooperative endeavor agreement to provide the employer with the premises or amenities of the workplace.* Neither the state nor any political subdivision, acting as an employer, shall have a subrogation claim against any other political subdivision for any compensable claim made by an employee.

(Emphasis added). The language and construction of the statute does not lend itself to the facts of this case. Thus, it is not dispositive. DOTD is not required, neither by law nor cooperative agreement, to provide the Natchitoches School Board with premises or amenities of the workplace. Simply put, DOTD has a duty to maintain the public highways in a condition that is reasonably safe for all persons exercising ordinary care and reasonable prudence. La.R.S. 48:21(A). This duty is not specifically upheld for the Natchitoches School Board. Thus, La.R.S. 23:1034(E) is not applicable.

Furthermore, in order to apply the workers' compensation statutes adequately our inquiry must also address whether Natchitoches School Board and

3

DOTD are separate entities despite being political subdivisions of the State of Louisiana. In this situation, "the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue." *Roberts v. Sewerage and Water Bd. of New Orleans*, 92-2048 p. 9 (La. 3/21/94), 634 So.2d 341, 346-7. We find that they are separate entities.

The supreme court addressed a similar situation in *Roberts v. Sewerage and Water Bd. of New Orleans*, and we find the court's analysis analogous to the present case and very persuasive. *Roberts*, 92-2048 (La. 3/21/94), 634 So.2d 341. In *Roberts*, a police officer brought an action against the city sewerage and water board (SWB) to recover for injury caused when his patrol car hit an open sewer hole. The supreme court explained:

> [W]hile the SWB and the City of New Orleans are closely related, the fact that a political subdivision is closely related to another does not necessarily prevent it from being considered a "third person" for purposes of the workers' compensation act. Local government units such as the SWB are generally treated as separate and distinct public juridical persons or corporations for certain purposes whether they are called that or not.
>
> . . . .
>
> Applying a functional approach in the present case to the pertinent legal precepts and the face of the pleadings, we conclude that the SWB is an autonomous or self-governing legal entity with respect to the management of its business or function of providing water, sewerage and drainage service to consumers in Orleans and other parishes. As such, the SWB is legally independent of the City, state and other governments in its source of revenues; the employment, deployment, direction and control of its work force; and the comprehensive management of its public utility operations.

*Id.* at 10-11.

Likewise, we look to the functions of the DOTD and parish school boards to evaluate their relationships with the State. Parish school boards are established by La.Const. art. 8 § 9. In general they have much discretion to determine the number of schools; location of the schools; number of teachers employed; teachers' salaries; and adopt policies and procedures for the superintendent to uphold. *See* La.R.S. 17:81. They are also recognized as "constituted bodies corporate with power to sue." La.R.S. 17:151. Although they must comply with State laws, parish school boards are autonomous political creatures that are separate and distinct entities providing the framework for education in their respective parishes. In contrast, the DOTD is a department of the executive branch and charged with providing and maintaining our public roadways. As such, the State of Louisiana is the real party at interest.

DOTD suggests that this court follow the reasoning in *Wright v. Moore*, 280 So.2d 172 (La.App. 1 Cir. 1979). In *Wright*, a nurse employed by the Department of Health and Human Resources who was injured during the course and scope of her employment brought suit against the DOTD in connection with a malfunctioning semaphore signal. The first circuit held that the plaintiff's exclusive remedy was for workers' compensation. We find this case to be distinguishable. The plaintiff was an employee of the State of Louisiana; she received her check from the State of Louisiana; and, therefore, she was barred from suing her employer. In this case, Ms. Hamilton was an employee of a parish school board, not the State of Louisiana.

We further differentiate *Talley v. State of Louisiana*, 31,367 (La.App 2 Cir. 12/9/98), 722 So.2d 390, where plaintiff, an employee of the State, sued the Department of Health and Hospitals and the court determined that workers'

5

compensation was the plaintiff's exclusive remedy.  In *Talley*, the plaintiff was directly employed by the Louisiana Department of Education as a paraprofessional.  Again, as noted in *Wright*, the State of Louisiana was the ultimate employer and workers' compensation statutes provided the exclusive remedy.  Here, Ms. Hamilton was employed by Natchitoches Parish School Board, not the State.  By extension, the DOTD and the Natchitoches Parish School Board are separate entities.  Therefore, Ms. Hamilton is not prevented from bringing a suit alleging a tort.

IV.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's grant of a motion for summary judgment.  We remand for trial on the merits on the tort claim.  All costs of this appeal are assessed against defendant, Department of Transportation and Development in the amount of $587.20.

**REVERSED AND REMANDED**.