ROYAL CROWN PLASTICS & SALES, INC., ET AL., APPELLANTS, *v.* MOTORISTS MUTUAL INS. CO., APPELLEE.

[Cite as Royal Crown Plastics, Inc., v. Ins. Co. (1976), 51 Ohio App. 2d 79.]

(No. 7951—Decided May 12, 1976.)

Mr. *Richard Sternberg*, for appellants.
Mr. *Timothy F. Scanlon*, for appellee.

VICTOR, P. J. The sole issue involved in his appeal is: When does interest begin to accrue on a judgment arising from a disputed insurance claim?

Plaintiffs, the appellants herein, are two companies and their owners. They maintained several insurance policies with defendant, Motorist Mutual Insurance Company, the appellee. These policies insured against loss of property due to fire and other perils and against lost earnings resulting from an interruption of business.

On February 17, 1973, a fire occurred at plaintiffs' factory. The plaintiffs submitted, in August 1973, proofs of loss under the business interruption clause of the policy in the sum of $50,000, the maximum recovery for such a loss afforded by the policy. This claim was rejected by the defendant the following October on the ground that plaintiffs had intentionally caused this fire.

Plaintiffs then brought this action on February 14, 1974, alleging a breach of the insurance contract. While the action was pending and pursuant to policy provisions, plaintiffs demanded an appraisal to determine loss which demand was granted by the trial court. The parties, however, agreed to postpone the appraisal until the liability of defendant was determined at trial.

Trial was had in May 1975, on the sole issue of whether plaintiffs had intentionally caused the fire. The jury resolved this issue in favor of plaintiffs.

Thereafter, in August 1975, an appraisal was had and the loss of earnings was fixed at $28,600, which was reduced to a judgment. Plaintiffs requested interest on this judgment from October 1973 (60 days after plaintiffs submitted their proof of loss). The trial court ordered that interest be paid from the date the appraisers made their award; *i. e.*, August 1975. From this order plaintiffs appeal, asserting that interest should be allowed from the date the claim was

rejected; namely, October 1973. This contention of plaintiffs is without merit.

Ordinarily, interest commences to run from the time the loss is deemed payable by the terms of the policy. *Amatullis, Inc.,* v. *Ins. Co.* (1971), 36 Ohio App. 2d 106.

The policy of insurance contains the following provisions:

"In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally. * * *

"The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided."

Thus, nothing is due under the terms of the policy when a proof of loss is submitted until at least sixty days have elapsed after its submission and then only after the amount of the loss has been ascertained by agreement of the parties or until duly selected appraisers determine the amount of the loss and submit their findings in writing to the company.

Notwithstanding these provisions of the contract, plaintiffs maintain that interest should begin to accrue from the time the loss "is capable of calculation," which they contend is October 1973. However, no interpretation of the language in the insurance .contract can support this contention. Although some courts in other states support plaintiffs' position, these decisions are usually founded on statutes which have no counterpart in Ohio. See, annotation 154 A. L. R. 1356, 1377.

Until appraisal was completed, plaintiffs had an unliquidated claim. The rule that interest cannot be paid on an unliquidated claim from the date of loss has been modified to allow interest where the amount of the loss can be ascertained by "mere computation or is subject to reasonably certain calculations by reference to well-established market values." *McKinney* v. *White Sewing Machine Corp.* (1964), 95 Ohio Law Abs. 368. The extent of a business interruption loss depends upon numerous factors, many of which are neither easily nor readily ascertainable. Thus, the assessment of the amount of such damage must be made by judicial determination or, as in this case, an appraisal, where the conflicting claims of the parties are carefully weighed and adjudged. *Esgro Central, Inc.,* v. *General Ins. Co.* (1971), 20 Cal. App. 3d 1054, 98 Cal. Rptr. 153. It is evident from the difference between the $50,000 claim in the proof of loss and the $28,600 appraisal that a determination of the amount of this loss did not involve a mere calculation.

Consequently, pursuant to the terms of the policy, we hold that interest did not begin to accrue on this judgment until August 1975.

*Judgment affirmed.*

MAHONEY and DOYLE, JJ., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.