MADDOX, Justice.
Ray Douglas Martin, Sr. (administrator of the estate of his son, Ray Douglas Martin, Jr.) and Mabry C. Martin brought this action to establish the value of their son’s interest in his partnership with the defendant, Aubrey Tolson. The Martins appeal from the trial court’s denial of their motion to alter or amend the final judgment’s valuation so as to provide for prejudgment interest.
Ray Douglas Martin, Jr., and Aubrey Tolson formed and operated Tolson-Martin Plumbing Company as an equal partnership, although no written partnership agreement was executed. Ray Douglas Martin, Jr., died on October 31, 1985. Martin Sr., who soon thereafter was appointed administrator of his son’s estate, entered into negotiations with Tolson over the value of his son’s partnership interest. Because the negotiations were unsuccessful, the Martins retained an accountant to value their son’s interest. This accounting took approximately a year to complete and upon completion was determined to be erroneous. The Martins then hired another accountant to re-evaluate the partnership interest. This accounting took almost a year and was unsatisfactory to Tolson, who retained his own accountant. From these various valuations, the trial judge determined the value of the decedent’s interest to be $46,475. The Martins filed a motion to alter or amend the judgment to include prejudgment interest. The trial judge denied their motion.
On appeal the Martins contend that interest should be paid from the date of the dissolution of the partnership, in other words from the date of Martin, Jr.’s death. They cite for support Ala.Code 1975, § 10-8-103, which provides:
“When any partner retires or dies, and the business is continued under any of the conditions set forth in subsections (a), (b), (c), (e) and (f) of section 10-8-102, or subdivision (b)(2) of section 10-8-97, without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative, as against such person or partnership, may have the value of his interest at the date of dissolution ascertained and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; provided, that the creditors of the dissolved partnership as against the separate creditors, or the representative of the retired or deceased partner, shall have priority of any claim arising under this section, as provided by subsection (h) of section 10-8-102. (Acts 1971, No. 1513, p. 2609, § 42).” (Emphasis added.)
Tolson argues that § 10-8-103 does not apply because, he says, the continuance of the business in this case does not fall within the applicable provisions of § 10-8-102 or § 10-8-97. We agree that § 10-8-97(b)(2) does not apply, because that provision concerns situations in which dissolution is caused in contravention of a partnership agreement. There was no partnership agreement in this case. We also agree that subsections (a), (b), (e), and (f) of § 10-8-102 do not apply. Subsections (a) and (b) deal with the admittance of new partners and the retirement of old ones. Subsections (e) and (f) concern the wrongful dissolution of partnerships and *219 the expulsion of partners. We, therefore, turn to subsection (c) of § 10-8-102, which provides:
“(c) When any partner retires or dies and the business of the dissolved partnership is continued as set forth in subsections (a) and (b)[1] of this section, with the consent of the retired partners or the representative of the deceased partner but without any assignment of his right in partnership property, rights of creditors of the dissolved partnership and of the creditors of the person or partnership continuing the business shall be as if such assignment had been made.”
Tolson argues that subsection (c) does not apply because, he says, the Martins presented no evidence of their consent to the continuation of the business. Ray Douglas Martin, Sr., testified that he did not object to the continuation of the business. The question thus presented is whether the Martins’ silence was effectively consent to the continued operation of the business. “Consent” is defined as “a concurrence of wills. Voluntarily yielding the will to the proposition of another; acquiescence or compliance therewith.” Black’s Law Dictionary (Revised 4th ed. 1968). Consent, therefore, may be construed as the acquiescence or compliance with another’s will. The Wisconsin Court of Appeals interpreted a statute identical to our § 10-8-102(c) to mean that acquiescence is enough to indicate consent. That court stated:
“Specific consent is not required. Acquiescence by the legal representatives in the continuation of the business is sufficient for consent.”
Re Trust Estate of Schaefer, 91 Wis.2d 360, 283 N.W.2d 410 (Ct.App.1979). As stated in 59A Am.Jur.2d Partnership § 1131 (1987):
“Although the personal representatives of a deceased partner may not insist on the surviving partners’ continuation of the partnership business in the absence of an agreement to that effect, persons interested in the estate of a deceased partner may, if legally entitled to act as the decedent’s personal representatives, agree with the surviving partners to permit the partnership ’s continued use of their inherited shares in the firm property, and their mere acquiescence in the continuation of the business is sufficient for such consent.” (Emphasis added.)
The logic of the above cited authorities is persuasive. Ray Douglas Martin, Sr.’s acquiescence in the continuation of the business is sufficient evidence of consent. Therefore, we find that § 10-8-103 does indeed apply to this case.
Tolson argues that even if § 10-8-103 does apply, then nevertheless an award of prejudgment interest would not be proper because the value of the decedent’s partnership interest was uncertain prior to the judgment. Generally, prejudgment interest is not awarded unless a sum is certain or capable of being made certain. Lapeyrouse Grain Corp. v. Tallant, 439 So.2d 105 (Ala.1983). In Waters v. Cochran, 291 Ala. 610, 285 So.2d 474 (1973), this Court, in facing an analogous problem, quoted the following with approval:
“While, in taking partnership accounts, the question whether interest should be allowed or disallowed depends to a large extent upon the circumstances of the particular case, and no unbending rule can be laid down which will not in individual cases work great injustice, it may be said that, ordinarily in the settlement of partnership accounts, interest should not be allowed until after a balance is struck on a settlement between the partners, unless there is a different agreement between them, or unless, under the peculiar facts and circumstances, the equities demand that interest be charged.”
Annot., 66 A.L.R. 22, 22-23 (1930) (emphasis added).
*220 Tolson argues that the equities of this case indicate that no interest should be awarded. We agree. The sum in question was not known until the trial court’s judgment was rendered, because of the gross disparity in the various estimates. Also, there was evidence that much of the delay involved was attributable to the Martins and that the Martins did not elect to take prejudgment interest until almost three years after the dissolution.
We are of the opinion that based upon the above facts, the trial judge was warranted in denying the Martins’ claim for prejudgment interest. It. would be inequitable to force Tolson to pay over three years’ interest on a sum that had been uncertain until judgment, where he was not responsible for the delay. Under the facts of this case, it would also be inequitable to force him to anticipate which option the Martins would elect and to set aside monies for that purpose.
Based upon the foregoing, the judgment is affirmed.
' AFFIRMED.
HÓRNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. Subsections (a) and (b) provide for a continuance of the partnership without a liquidation of the partnership affairs.