The insurer appeals from a judgment awarding prejudgment interest on a business interruption loss. We reverse and remand.
On January 15, 1988, the business premises of German Auto, Inc., sustained damage by fire. At that time, German Auto had in force a policy with United States Fidelity and Guaranty Company ("USF G") providing indemnity for loss from fire, including losses based on business interruption. In February 1988, after an investigation of the loss, USF G paid German Auto $300,000 as an advance payment for the loss of the building and the contents. Thereafter, with the additional payment of $143,871.61, the claim relating to the building and contents was settled. However, because the claim involving the business interruption loss remained, German Auto sued, seeking a judgment declaring "the rights, entitlements and obligations of the parties in connection with the . . . fire loss and [asking that the trial court] award *Page 842 
[German Auto] the amount [to] which it is entitled under the terms of the . . . policy." Subsequently, German Auto and USF G agreed to submit to arbitration their dispute as to the amount due German Auto under the business interruption provisions of the USF G policy. The arbitration resulted in an award of $420,923 to German Auto on November 12, 1990. Because USF G had paid German Auto an advancement for the business interruption loss during that period in the amount of $133,615 on May 10, 1988, the amount due upon the arbitrator's final determination was $287,308, which USF G paid on December 7, 1990. Thereafter, USF G filed a "Motion for Entry of Judgment on Arbitrator's Award and Notice of Satisfaction Thereof." On that same day, German Auto filed a "Motion for Award of Interest" it claimed was due on the $287,308. At the hearing on the motion for an award of interest, the trial court, hearing ore tenus evidence, found that interest in the amount of $43,237.89 was due, holding as follows:
 "[German Auto's] claim for interest relies primarily on the cases of State Farm Automobile Insurance Co. v. Reeves [Reaves], 292 Ala. 218, 292 So.2d 95 (1974) and St. Paul Fire Marine Insurance Company v. Smith, 280 Ala. 425, 194 So.2d 830 (1967). [USF G] argues that no interest is due until the date the arbitrator made his award and cites the case of Martin v. Tolson, 562 So.2d 217 (Ala. 1990), and several cases from other jurisdictions in support of its motion. Neither counsel for the parties nor the Court [has] found any Alabama cases involving pre-judgment interest or claims for business interruption losses.
 "From the materials cited, it appears that other jurisdictions have held that when the amount payable under business interruption loss claims cannot readily be determined, no interest is due until the amount has finally been established. [Royal Crown Plastics Sales, Inc. v. Motorists Mutual Insurance Co., 51 Ohio App.2d 79, 366 N.E.2d 294 (Ohio 1976); Farmers Chemical Ass'n v. Maryland Casualty Co., 421 F.2d 319 (6th Cir. 1970); and N-Ren Corp. [v. American Home Assurance Co., 619 F.2d 784 (8th Cir. 1980).] However, it appears to the court that the Alabama Supreme Court is more likely to follow the line of Alabama cases which hold such interest is payable.
 "The court finds [that] if interest is payable, it should run from May 10, 1988, until November 12, 1990.
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the court as follows:
 "ONE: [USF G] owes [German Auto] interest at the rate of 6% per annum on the amount of business interruption loss as finally determined by the arbitrator, less the amount previously paid, from May 10, 1988, until November 12, 1990. The court finds the amount of interest due is . . . $43,237.89.
 "TWO: Based upon the arbitrator's award, the court finds that the total business interruption claim was . . . $420,923.00 of which . . . $133,615.00 was paid on May 10, 1988, and . . . $287,308.00 was paid on December 7, 1990.
 "THREE: Upon [USF G's] payment of . . . $43,237.89 interest set out above, [USF G] shall have fully satisfied [German Auto's] claim."
Subsequently, USF G filed a "Motion to Alter and Amend [or] Vacate the Judgment and for Stay of Execution," which the trial court denied. USF G appeals.
As the trial court correctly noted, this Court has had no cases dealing with prejudgment interest in the context of a claim based on business interruption loss. Nevertheless, this Court, in general, has consistently held that there is a statutory right to interest on the amount payable under any type of insurance policy, LeFevre v. Westberry, 590 So.2d 154
(Ala. 1991), pursuant to Ala. Code 1975, § 8-8-8, which provides as follows:
 "All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty, bear interest [calculated at 6% per annum, Ala. Code 1975, § 8-8-2] from the day such money, or thing, estimating it at its money value, should have been *Page 843 
paid, or such act, estimating the compensation therefor in money, performed."
The Court in LeFevre, however, specifically held that "for theinsured to be entitled to interest, the amount due under thepolicy must be a liquidated sum [capable of beingascertained]." (Emphasis added.) See Martin v. Tolson,562 So.2d 217 (Ala. 1990); Lapeyrouse Grain Corp. v. Tallant,439 So.2d 105 (Ala. 1983).
Thus, applying the holding in LeFevre to this case, we must first determine whether the damages were liquidated. Then, we must determine whether the trial court, hearing ore tenus
evidence, was plainly and palpably wrong in holding that USF 
G was liable to German Auto for $43,237.89 in prejudgment interest on $287,308, calculated from May 10, 1988, to November 12, 1990. See, Clark v. Albertville Nursing Home, Inc.,545 So.2d 9 (Ala. 1989) (for a discussion of the ore tenus standard of review).
The term "liquidated damages" is defined as "the amount of damages . . . ascertained by the judgment in the action, or . . . a specific sum of money . . . expressly stipulated by the parties . . . as the amount of damages to be recovered. . . . [Those] damages which are reasonably ascertainable at time of breach, measured by fixed or established external standard, or by standard apparent from documents upon which plaintiffs based their claim." Black's Law Dictionary 391 (6th ed. 1990). The term "unliquidated damages" is defined as damages that "are not yet reduced to a certainty in respect of amount, nothing more being established than the plaintiff's right to recover; or [damages] as cannot be fixed by a mere mathematical calculation from ascertained data in the case." Black's Law Dictionary 393 (6th ed. 1990).
The facts in this case clearly established the difficulty and complexity involved in determining the amount due the plaintiff on its business interruption claim. Five separate analyses were performed, which resulted in five widely disparate sums — $244,000 from the analysis of German Auto's own accountant; $218,000 from the analysis of USF G; $529,933 from the analysis of an independent accountant hired by German Auto after it was dissatisfied with the analysis of its own accountant; $302,443 from the analysis by an independent accounting firm hired by USF G; and $420,923 from the analysis of the arbitrator as the final determination of the loss from business interruption. Further evidence of the difficult, varied, and complex factors involved in analyzing and evaluating the business interruption loss came through the testimony of the agreed-upon arbitrator. Based on those facts, we must conclude that the award for business interruption loss in this case was uncertain and difficult to ascertain because of competing positions about various items of loss and because of differences of opinion about calculating the loss. The loss, therefore, represented "unliquidated" damages until the arbitrator made the final determination. Consequently, no interest was due until a judgment or award was judicially entered.
For the foregoing reasons, relying on the rationale of the Court in LeFevre, supra (which we note had not been decided at the time of the trial court's holding in this case), we hold that because of the many variables involved in evaluating the claim of business interruption loss and determining the loss sustained by German Auto, the total amount owed by USF G to German Auto was not capable of being ascertained prior to the final determination of the arbitrator and, accordingly, no prejudgment interest is due to German Auto. Therefore, we reverse the judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur. *Page 844