744 So.2d 190 (1999)
AMERICAN CENTRAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
ROBERT C. HILMAN, Hilman Farms, Inc. and Royal Surplus Lines Insurance Company, Defendants-Appellees.
No. 32,315-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1999.
Sharp, Henry, Cerniglia, Colvin & Weaver, L.L.C. by James H. Colvin, Jr., Charles E. Weaver, Homer, Counsel for Appellant.
Dan R. Dorsey, Cecelia U. Danahar, River Ridge, Counsel for Appellees.
Before NORRIS, STEWART, KOSTELKA, JJ.
KOSTELKA, J.
American Central Insurance Company ("American Central"), appeals the grant of a motion for summary judgment dismissing *191 Royal Insurance Company ("Royal") upon a determination that Royal provided no insurance coverage for property damage caused in the vehicular collision which initially gave rise to this suit. Finding merit to plaintiffs argument, we reverse and remand to the trial court for further proceedings.

Facts and Procedural History
A June 25, 1997 collision between a dump truck (owned by J.H. Willis, Inc., operated by Joyce L. Cook, and insured by American Central) and another truck (owned by Hilman Farms, Inc. and operated by Robert C. Hilman) caused physical damage to the Willis dump truck. Accordingly, American Central paid its insured $27,842.15 for repairs; and, as subrogee of its insured, American Central filed the instant suit on February 24, 1998 against Hilman Farms, Hilman, and Hilman Farms' alleged insurer, Royal. Along with its petition, American Central served defendants with interrogatories and requests for production of documents, seeking, among other things, information regarding any insurance available on the offending vehicle.
Royal requested and received extensions of time within which to file responsive pleadings, both formally from the court and informally from the plaintiff. During these delays, American Central afforded defendants the courtesy of postponing any further action. After those deadlines expired, and before filing an answer to the petition or providing any response to the requested discovery, Royal filed a motion for summary judgment dated June 4, 1998. Therein, the insurer suggested that, although it provided coverage for other vehicles owned by Hilman Farms, it furnished none for the vehicle involved in this accident. Royal provided supporting affidavits and documentary evidence, including the Producer Agreement between Royal and its agent, outlining its version of the events surrounding Hilman Farms' request for coverage.
Inasmuch as all facts regarding coverage rested in the hands of defendants, who had yet to respond either to the original petition or to the discovery requests, American Central opposed summary judgment solely with an affidavit by its counsel setting forth the procedural history and emphasizing that counsel could not "present by affidavit facts essential to his opposition of Royal's Motion for Summary Judgment."
Relying on American Central's failure to provide a counter affidavit on the issue of coverage, the trial court granted summary judgment in favor of Royal and dismissed plaintiffs claims against that insurer. This appeal ensued.

Summary Judgment
A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Moreover, through a 1997 amendment to Article 966, the jurisprudential presumption against granting summary judgment has been eliminated. See Acts 1997, No. 483. Instead, the enacted changes have leveled the playing field for the litigants. Documentation submitted by the parties will now be scrutinized equally and the earlier overriding presumption in favor of trial on the merits has been removed. Koeppen v. Raz, 29,880 (La.App.2d Cir.10/29/97), 702 So.2d 337; Gardner v. LSU MC, 29,946 (La. App.2d Cir.10/29/97), 702 So.2d 53. Indeed, summary judgment is now favored to secure the just, speedy, and inexpensive determinations of all except certain disallowed actions. La. C.C.P. art. 966 A(2).
Under the current summary judgment approach, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving *192 party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. And, as consistently noted in La. C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are still at issue. Koeppen, supra; Gardner, supra. Nevertheless, La. C.C.P. art. 966 contains a caveat that a motion for summary judgment is appropriate only after adequate discovery. While this court is mindful of the jurisprudence holding that within the framework of a summary judgment motion, discovery need not be completed and a party may not rely upon its own delinquency in conducting that discovery,[1] we cannot fit this case neatly into such categories. In the instant matter, American Central cannot be characterized as delinquent in pursuing information with which to prosecute its claim. Instead, it merely afforded Royal a requested courtesy and waited for responses to its petition and discovery. In so doing, American Central had no opportunity to discover the facts necessary to oppose Royal's claim of no coverage. American Central now argues that it should be granted adequate discovery to support its claim, e.g., whether express authority existed beyond the four corners of the Producer Agreement with which the agent could have bound the insurer.

Conclusion
Under the unique circumstances of this case, we find that the trial court abused its discretion in granting summary judgment in the absence of adequate discovery. Accordingly, we reverse the judgment below at Royal's cost and remand for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] See, e.g., Simoneaux v. E.I. du Pont De Nemours, 483 So.2d 908 (La.1986) (wherein the supreme court noted that the parties had, indeed, been given a fair opportunity to conduct discovery and to present their claims); Berzas v. OXY USA, 29,835 (La.App.2d Cir.09/24/97), 699 So.2d 1149 (summary judgment was not denied where the plaintiffs had undertaken no discovery in the five years the suit had been pending); Barron v. Webb, 29,707 (La.App.2d Cir.08/20/97), 698 So.2d 727, writ denied, 97-2357 (La.11/26/97), 703 So.2d 651 (summary judgment was proper where plaintiff made no effort to locate witnesses for deposition); Orillion v. Alton Ochsner Medical Foundation, 97-115 (La.App. 5th Cir.05/28/97), 695 So.2d 1063, writ denied, 97-1725 (La.10/13/97), 703 So.2d 617 (one year between the petition and motion for summary judgment had given parties adequate time for discovery); Guillory v. Dr. X, 96-85 (La.App. 3d Cir.08/28/96), 679 So.2d 1004 (one and one-half years afforded plaintiff ample time in which to gather some evidence to support the allegations of her petition); Fisk v. Mathews, 525 So.2d 223 (La. App. 1st Cir.1988) (party could not prevent summary judgment where it made no showing that serious efforts at discovery had been made).