JjPEATROSS, J.
This case arises from the trial court’s decision granting Defendants’, David Montgomery and Montgomery Insurance Agency, Inc. (referred to collectively as “Montgomery”) motion for summary judgment against Plaintiffs, Helen Jones, Marshall Jones, Kimberly Richard and Ellis Richard. For the reasons stated herein, we affirm.
FACTS
On June 5, 1997, two of the plaintiffs, Helen Jones (“Helen”) and Kimberly Richard (“Kimberly), were seriously injured in an automobile accident that occurred on their way to a piano show.[1] The vehicle with which they collided was driven by John Webb and it was not disputed that he was at fault. Helen and her husband, Marshall Jones (“Marshall”) filed claims against several parties.[2]
For over 20 years, Helen and Marshall had owned and operated a piano business in Shreveport, Louisiana. In 1993, John David Jones, the son of Helen and Marshall, allegedly formed a Louisiana corporation by the name of Arkla-Tex Music, Inc. and purchased the business. Helen and Marshall, however, continued to work for Arkla-Tex on a commission basis and in an affidavit filed with the opposition to Montgomery’s motion for Lsummary judgment, Marshall stated that he acted as an “agent” for Arkla-Tex in procuring insurance for the business through Montgomery.[3] It was Marshall’s testimony that he believed that he, as an agent of Arkla-Tex, had procured an “umbrella” policy through Montgomery which would have provided coverage to Plaintiffs for the accident. Although Marshall and Arkla-Tex paid for commercial general liability coverage, neither had ever paid any extra premiums for “umbrella” coverage.
After filing the instant suit and naming Montgomery as defendants, Montgomery filed a motion for summary judgment and the trial court granted the motion. Since *616 no premiums had been paid for an “umbrella” policy, the trial court found that no reasonable trier of fact could reasonably find that such coverage existed.
On appeal, Plaintiffs argue that the trial court erred in granting summary judgment because genuine issues of material facts exist.
DISCUSSION
Appellate review of a grant or denial of summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corporation, 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, citing Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 842 (La.1991); Loflin v. International Paper Co., 34,976 (La.App.2d Cir.8/22/01), 793 So.2d 533. Either party may move for summary judgment; the plaintiffs motion may be made at any time after the answer has been filed and the defendant’s motion may be made at any time. La. C.C.P. |3art. 966(A)(1). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish those ends. La. C.C.P. art. 966 A(2); Crocker v. Roach, 33,507 (La.App.2d Cir.8/23/00), 766 So.2d 672, writ denied, 00-2684 (La.11/17/00), 774 So.2d 983. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966 C(l); Crocker v. Roach, supra. Even though summary judgments are now favored factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 00-2507 (La.12/8/00), 775 So.2d 1049.
The burden, of proof remains with the mover. If the moving party does not have the burden of proof on the issue at trial, however, and points out that there is an absence of factual support for one or more elements essential to the non-moving party’s claim, action or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial; if the |4non-moving party fails to do so, there is no genuine issue of fact. La. C.C.P. art. 967; American Central Insurance Company v. Hilman, 32,-315 (La.App.2d Cir.9/22/99), 744 So.2d 190. Article 967 further provides that, once a motion for summary judgment has been made and supported, the party opposing the motion may not rest on mere allegations in the pleadings, but must set forth, by way of affidavit or other receivable evidence, specific facts showing a genuine issue for trial. Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991).
This court has stated that the standard for summary judgment in Louisiana “mirrors the standard of a directed verdict under Federal Rule of Civil Procedure 50(a),” which states that the trial court must direct a verdict if there is only one reasonable conclusion as to the verdict. Row v. Pierremont Plaza, L.L.C., 35,796 (La.App.2d Cir.4/3/02), 814 So.2d 124; citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This court, in Row, supra further stated that:
*617 The mere existence of a scintilla of evidence in support of the plaintiffs position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge’s inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict....
Plaintiffs argue that Montgomery had a fiduciary duty to procure “umbrella” coverage for Arkla-Tex, that Marshall never rejected “umbrella” coverage and that Marshall reasonably believed that he had procured an “umbrella” policy for Arkla-Tex. Plaintiffs have not cited any authority in | .¡support of these arguments and we have not found any authority in this state to support their argument that Montgomery had a fiduciary duty to procure such coverage, unless specifically requested to do so, or that “umbrella” coverage, like uninsured motorist coverage, must be rejected by an insured. We conclude, therefore, that these arguments lack merit.
Plaintiffs next argue that Montgomery had a duty to procure “umbrella” coverage for Arkla-Tex because Marshall had requested “umbrella” coverage. See Karam v. St. Paul Fire and Marine Insurance, 281 So.2d 728 (La.1973). Although Plaintiffs, in brief, argue that Marshall requested “umbrella” coverage, there is no evidence to suggest that he ever requested “umbrella” coverage for Arkla-Tex.[4] To the contrary, Marshall, in his deposition, stated that it was his son’s “responsibility” to maintain the insurance for Arkla-Tex; and Helen, in answer to the second set of interrogatories filed by Montgomery, stated that John David Jones, president of Arkla-Tex, was the only party with Arkla-Tex responsible for procuring insurance for that corporation, including what coverages were desired or necessary.
Plaintiffs further argue that the policy declarations support their position that Arkla-Tex had “umbrella” coverage. The “Declaration” page of the policy, however, clearly shows that Arkla-Tex did not pay any premiums for “umbrella” coverage. Additionally, David Montgomery, in his affidavit, stated that Arkla-Tex did not qualify for “umbrella” coverage because the underlying commercial general liability policy did not meet the | fiminimum underwriting requirements. David Montgomery further stated that he would have written an “umbrella” policy if requested to do so and would have earned a larger fee for doing so because Arkla-Tex would have had to increase its commercial general liability policy.
In its reasons for judgment, the trial court stated that no reasonable juror could find for Plaintiffs because no premiums for “umbrella” coverage had ever been paid and that “insurers should pay only for what they were paid to cover.” Reviewing this record de novo, we agree with the trial court that no jury could reasonably find that “umbrella” coverage existed in this ease.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting Defendants’, David Montgomery and Montgomery Insurance Agency, Inc., motion for summary judgment and dismissing the claims of Plaintiffs, Helen Jones and Marshall Jones, is affirmed. Costs are assessed to *618 Plaintiffs, Helen Jones and Marshall Jones.
AFFIRMED.

. Kimberly and her husband, Ellis Richard, were named plaintiffs in the trial court, but they did not appeal and are not parties in this appeal.

. Plaintiffs first named Mr. Webb, Illinois National Insurance Company and United Agents Insurance Company of Louisiana as defendants. Later, Plaintiffs filed a supplemental petition adding David Montgomery, Montgomery Insurance Agency, Inc. and Commercial Union Insurance Company, d/b/a American Central Insurance Company as defendants. Settlements were reached with United Agents Insurance Company of Louisiana and Illinois National Insurance Company and they were dismissed from this case. American Central Insurance Company was also dismissed pursuant to a motion for summary judgment that'was granted because of the anti-stacking law [ (La. R.S. 22:1406(D)(1)) ], and that ruling was not appealed. Thus, the only remaining defendants are Mr. Webb, David Montgomery and Mont-gomeiy Insurance Agency, Inc.

.Neither Helen nor Marshall were shareholders, directors or officers of Arkla-Tex.

. We note that Helen, in her deposition, stated that Marshall was not an agent for Arkla-Tex.