822 So.2d 881 (2002)
PRO SOURCE ROOFING, INC., Plaintiff-Appellant,
v.
Jesse L. BOUCHER, individually and d/b/a Village Square North and South Apartments, Defendant-Appellee.
No. 36,269-CA.
Court of Appeal of Louisiana, Second Circuit.
July 24, 2002.
*882 McMichael, Medlin, Weir & D'Anna, LLC, by John R. D'Anna, for Appellant.
Wiener, Weiss & Madison, by John M. Madison, Jr. Mark L. Hornsby, Shreveport, for Appellee.
Before NORRIS, GASKINS & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from the trial court's granting of summary judgment in favor of Defendant, Jesse L. Boucher ("Boucher"), and against Plaintiff, Pro-Source Roofing, Inc. Plaintiff now appeals. For the reasons stated herein, we reverse the decision of the trial court and remand.

FACTS
Pro-Source Roofing, Inc. is a Texas corporation and was formerly named Pro-Source Roofing and Guttering, Inc. On May 1, 2000, the Texas Secretary of State issued a certificate of "Restated Articles of Incorporation" wherein the name of the corporation was changed to Pro-Source Roofing, Inc. The new name, however, was not changed with the Louisiana Secretary of State until April 5, 2001.
*883 On February 10, 2001, Pro-Source Roofing and Guttering, Inc. qualified to do business in Louisiana. On April 30, 2000, Pro-Source Roofing and Guttering, Inc. obtained a license from the Louisiana State Licensing Board of Contractors and continued to hold the license under that name until May 15, 2001, when the same license was re-issued under the name of Pro-Source Roofing, Inc.
On May 8, 2000, Pro-Source Roofing, Inc. and Boucher entered into an "Access and Authorization" agreement whereby Pro-Source Roofing, Inc. agreed to assess damage and repair some apartments owned by Boucher. On June 14, 2000, Pro-Source Roofing, Inc. and Boucher entered into a contract for a total price of $135,801.29 for the repair of the apartments.
Subsequently, and before any work under the contract had begun, Boucher declined to do business with Pro-Source Roofing, Inc. and Pro-Source Roofing, Inc. filed suit for breach of contract. Both parties filed motions for summary judgment. The trial court denied the motion of Pro-Source Roofing, Inc. and granted Boucher's motion, reasoning that the contract was null and unenforceable because Pro-Source Roofing, Inc. was not licensed in Louisiana.
Pro-Source Roofing, Inc. appeals, asserting that the trial court erred in finding that it did not have a valid Louisiana contractor's license and was not authorized to transact business in Louisiana.

DISCUSSION
Appellate review of a grant or denial of summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corporation, 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, citing Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Loflin v. International Paper Co., 34,976 (La.App.2d Cir.8/22/01), 793 So.2d 533. Either party may move for summary judgment; the plaintiff's motion may be made at any time after the answer has been filed and the defendant's motion may be made at any time. La. C.C.P. art. 966(A)(1). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish those ends. La. C.C.P. art. 966 A(2); Crocker v. Roach, 33,507 (La. App.2d Cir.8/23/00), 766 So.2d 672, writ denied, 00-2684 (La.11/17/00), 774 So.2d 983. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966 C(1); Crocker v. Roach, supra. Even though summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La.12/8/00), 775 So.2d 1049.
The burden of proof remains with the mover. If the moving party, however, does not have the burden of proof on the issue at trial and points out that there is an absence of factual support for one or *884 more elements essential to the non-moving party's claim, action or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial; if the non-moving party fails to do so, there is no genuine issue of fact. La. C.C.P. art. 967; American Central Insurance Company v. Hilman, 32,315 (La.App.2d Cir.9/22/99), 744 So.2d 190. Article 967 further provides that, once a motion for summary judgment has been made and supported, the party opposing the motion may not rest on mere allegations in the pleadings, but must set forth, by way of affidavit or other receivable evidence, specific facts showing a genuine issue for trial. Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir. 1991).
Boucher argues that Pro-Source Roofing, Inc. had not been issued a contractor's license in Louisiana at the time that the parties entered into the contract and that La. R.S. 37:2160 renders it unlawful for anyone to engage or to continue in the business of contracting without a valid license. We disagree with this argument and find La. R.S. 37:2160 to be inapplicable to this case.[1]
The mere change in a corporation's name generally does not create a new entity, nor does it affect the corporation's property, rights or liabilities. See Alley v. Miramon, 614 F.2d 1372 (5th Cir. 1980). As previously stated, the record reflects that Pro-Source Roofing and Guttering, Inc. became. Pro-Source Roofing, Inc. on May 1, 2000. Although the corporate name change of this foreign corporation was not changed in Louisiana until April 5, 2001, and the name on the Louisiana contractor's license was not changed until May 15, 2001, the licensing numbers were the same. Since the name change from Pro Source Roofing and Guttering, Inc. to Pro-Source Roofing, Inc. did not create a new entity, we find that the Louisiana contractor's license issued to Pro-Source Roofing and Guttering, Inc. was effective as to Pro-Source Roofing, Inc. during the time period prior to the State of Louisiana issuing the corporation's amended certificate of authority recognizing the name change.[2]

CONCLUSION
For the foregoing reasons, we find that the trial court erred in finding that Pro-Source Roofing, Inc. did not have a valid *885 Louisiana contractor's license and was not authorized to transact business in Louisiana. The judgment of the trial court granting summary judgment in favor of Jesse L. Boucher, therefore, is reversed and the case is remanded for further proceedings. Costs of this appeal are assessed to Jesse L. Boucher.
REVERSED AND REMANDED.
NOTES
[1] La. R.S. 37:2160(A)(1) reads as follows: "It shall be unlawful for any person to engage or to continue in this state in the business of contracting, or to act as a contractor as defined in this Chapter, unless he holds an active license as a contractor under the provisions of this Chapter."
[2] Even if we had found that the license held by Pro-Source Roofing and Guttering, Inc. was not the license of Pro-Source Roofing, Inc., Plaintiff would have prevailed because a corporation may enter into a binding contract under an assumed name, absent any fraud or deceit. In the case of MAS Nursing, Inc. v. Burke, 523 So.2d 909 (La.App. 3rd Cir.1988), writ denied, 523 So.2d 909 (La.1988), Mas Nursing, Inc., a registered corporation under the laws of the state of Louisiana, entered into a contract under the assumed name of Mims, Inc., which was not registered in this state. The court held that, absent deceit or fraud, a corporation could enter into a binding agreement under an assumed name and we agree with that decision. It further stated that Louisiana requires people who transact business under assumed names to register in each parish where they transact business, but that that provision does not apply to corporations. See La. R.S. 51:281 and La. R.S. 51:283.

There is no evidence of deceit or fraud in this record and we conclude that Pro-Source Roofing and Guttering, Inc. could have legally contracted with Boucher under the assumed name of Pro Source Roofing, Inc.